DICKINSON, Associate justice
(dissenting).
I cannot go along on a reversal of this case. A careful examination of the record indicates to me that this decedent was struck back of the right-hand cab door of the truck when he, the decedent, opened his. car door into the road. The decedent’s car was at least thirty inches off the highway and the truck driver motorist had a right to assume that the decedent would remain off the highway and not open his door into the face of oncoming traffic. I see no applicability of the doctrine of last clear chance in this case, and I think that the lower court was correct in denying a charge on it. The truck driver had no chance to avoid the decedent because the cab of his truck had already cleared arid passed the pedestrian. After he has passed a person he has a right to assume that that person will not do anything to cause himself injury. To hold the truck driver liable in this case would be equivalent to making a motorist an insurer of every pedestrian on or off the road, and whether in front of him, to either side of him, for instance, especially “the right or blind side” if his cab had passed the motorist, or to the rear of him, and this is placing an impossible burden on a driver as long as we have motor vehicular traffic. The mere fact that a man was killed and that a minor child is bringing the suit should not alter the, proposition that motorists and pedestrians have reciprocal rights in the use of the highways and that each must respect the rights of the other. Even if the charge had been given in this case, I do not believe that the jury, or any jury for that matter if the case is retried before another jury, could or would have arrived at any different conclusion than the one in which they did in this case. I therefore respectfully dissent from the majority opinion and would affirm the judgment.
THOMAS, J., concurs.